UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-22750-CV-COOKE
(CASE NO. 09-20870-CR-COOKE)
MAGISTRATE JUDGE REID

YALANKSI DAWKINS,

    Movant,
v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I. Introduction

This matter is before the Court on Movant's Motion to Vacate filed pursuant to 28 U.S.C. § 2255 [ECF No. 1],[1] and the parties' supplemental briefing. This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 33].

Movant, **Yalanksi Dawkins**, is a federal prisoner currently serving a 180-month term of imprisonment following his guilty plea to one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and one count of possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). [CR-ECF No. 125]. In pleading guilty, Movant executed a written Plea Agreement [CR-ECF No. 105] and signed a Factual Proffer admitting to his actions. [CR-ECF No. 106]. In exchange for his guilty plea, the Government dismissed the other four charges in Movant's Indictment.

---

[1] Citations to [ECF] refer to docket entries in this case, Case No. 16-22750-CV-COOKE. Citations to [CR-ECF] refer to docket entries in Movant's underlying criminal case, Case No. 09-20870-CR-COOKE.

To briefly summarize these collateral proceedings, Movant originally brought this case *pro se* following the decision of the Supreme Court of the United States in *Johnson v. United States*, 576 U.S. 591 (2015), which held that the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) was unconstitutionally vague. In this case, Movant makes two claims: (1) that his enhanced sentence as a career offender violates due process because he no longer has the required predicate offenses; and (2) that his § 924(c) conviction is invalid in light of *Johnson*.

Shortly after this case was initiated, the Federal Public Defender's office was appointed to represent Movant [ECF No. 7], and this case was stayed pending the Supreme Court's then-upcoming decision in *Beckles v. United States*, 580 U.S. ___, 137 S. Ct. 886 (2017). [ECF No. 20]. The outcome in *Beckles* was not favorable to Movant, and the previously assigned Magistrate Judge issued a Report and Recommendation that the Motion to Vacate be denied. [ECF No. 22].

However, while the Report and Recommendation was pending, further developments in the law took place, ultimately resulting in the Supreme Court deciding in *Davis v. United States*, 588 U.S. ___, 139 S. Ct. 2319 (2019), that § 924(c)(3)(B) was also unconstitutionally vague. As a result, the Court Ordered the parties to submit supplemental briefing regarding the impact of *Davis* on this case, [ECF No. 33], and this case is now ripe for review.

Upon review of the pleadings and the record in Movant's underlying criminal case, it is clear that Movant is not entitled to relief on either of his claims. Accordingly, as further discussed below, the Undersigned **RECOMMENDS** that the Motion to Vacate [ECF No. 1] be **DENIED**.

## II.     Discussion

A.     Factual and Procedural History

On October 2, 2009, Movant was charged by Indictment with: conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 1); attempted Hobbs Act robbery, in

violation of 18 U.S.C. § 1951(a) (Count 2); attempted bank robbery, in violation of 18 U.S.C. § 2113(a) (Count 3); conspiracy to possess a firearm in furtherance of the crimes of violence charged in Counts 1, 2, and 3, in violation of 18 U.S.C. § 924(o) (Count 4); possession of a firearm in furtherance of the crime of violence charged in Counts 1, 2, and 3, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 5); and of being a felon possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 6). [CR-ECF No. 25].

On February 12, 2010, Movant signed a written Plea Agreement, and agreed to plead guilty to Counts 1 and 5, with the Government to dismiss Counts 2, 3, 4, and 6 after sentencing. [CR-ECF No. 105]. Along with the Plea Agreement, Movant also signed a stipulated Factual Proffer which detailed the facts the Government would have proven beyond a reasonable doubt has the case proceeded to trial. [CR-ECF No. 106].

In the Factual Proffer, Movant admitted that he was involved in a scheme to rob a Bank Atlantic, which was scheduled to take place on September 25, 2009. [*Id*.]. In the days leading up to the robbery, Movant admitted that he attended meetings where the details of the robbery were discussed, including the planned use of firearms to commit the robbery. [*Id*.]. These meetings and telephone calls were recorded by the Government using a confidential informant. [*Id*.]. On the day of the robbery, Movant admitted that he travelled with his partners to commit the robbery, and that they were apprehended by law enforcement before reaching the bank. [*Id*.]. A search of the vehicle Movant was traveling in revealed three loaded firearms. [*Id*.]. Movant agreed that these facts were sufficient to prove his guilt for Counts 1 and 5 of the Indictment. [*Id*.].

That same day, the Court held a change of plea hearing, where the Government read parts of the Plea Agreement and the Factual Proffer into the record. [CR-ECF No. 177]. After being placed under oath, Movant acknowledged to the Court that he signed the Plea Agreement and

Factual Proffer, entered them freely and knowingly, and that the facts as stated by the Government were true. [*Id.*]. The Court then asked Movant if he still wished to plead guilty, and Movant confirmed. [*Id.*]. Accordingly, the Court accepted Movant's change of plea to guilty and adjudicated him guilty, finding that he was aware of the nature of the charges and the consequences of pleading guilty, that his plea was knowing and voluntary, and that the elements of the offenses were factually supported. [*Id.*].

Movant was sentenced to 180 months' imprisonment, consisting of a 120-month sentence for the Hobbs Act conspiracy, and a mandatory 60-month consecutive sentence for the § 924(c) charge. [CR-ECF No. 125]. Movant did not appeal, and this timely Motion to Vacate followed.

B.   Analysis of Movant's Claims

*Standard of Review*

Under 28 U.S.C. § 2255, federal prisoners may seek relief from the court that imposed their sentence if: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). It is Movant's burden to show by a preponderance of the evidence that he is entitled to relief. *See Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017).

*Claim 1: Movant's Career Offender Status*

In Movant's first claim, he argues that his enhanced sentence as a career offender violates due process because he no longer has the required predicate offenses. Movant's claim should be denied, because it is not cognizable in this collateral case.

*Johnson* and *Davis* do not apply to challenges to the sentencing guidelines, and because Movant was sentenced to less than the statutory maximum of life imprisonment, he cannot raise

4

this claim under § 2255. *See United States v. Matchett*, 802 F.3d 1185, 1193-96 (11th Cir. 2015) (holding that the advisory sentencing guidelines are not subject to a vagueness challenge); *see also Beckles*, 580 U.S. at ___, 137 S. Ct. at 895 ("the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause."). Accordingly, this claim should be denied.

*Claim 2: Movant's § 924(c) Conviction*

In Movant's second claim, he argues that Hobbs Act conspiracy is the sole operative predicate for his § 924(c)(1)(A) conviction, which renders his conviction invalid after *Davis*. *See Brown v. United States*, 942 F.3d 1059, 1075 (11th Cir. 2019). Movant is not entitled to relief on this claim because Hobbs Act conspiracy is not the sole operative predicate to his conviction.

Movant's Indictment listed Counts 1, 2, and 3 as the predicate crimes of violence underlying Movant's § 924(c) charge. [CR-ECF No. 25]. While the Hobbs Act conspiracy listed in Count 1 undoubtably no longer qualifies as a crime of violence, *see Brown*, 942 F.3d at 1075, the attempted Hobbs Act robbery in Count 2 and the attempted bank robbery in Count 3 remain valid crimes of violence after *Davis*. *See United States v. St. Hubert*, 909 F.3d 335, 351-53 (11th Cir. 2018) (attempted Hobbs Act robbery); *see also United States v. Harvey*, 791 F. App'x 171, 172 (11th Cir. 2020) (*per curiam*) (attempted bank robbery).

Movant argues that because he only pled guilty to Count 1, and Counts 2 and 3 were dismissed by the Government, Counts 2 and 3 cannot support his § 924(c) conviction, and only Count 1 remains. This argument fails because in the context of a guilty plea, § 924(c) does not require a defendant be convicted of, or even charged with, the predicate offense for the conviction to be valid. *See In re Navarro*, 931 F.3d 1298, 1302-03 (11th Cir. 2019) (citing *United States v. Frye*, 402 F.3d 1123, 1127 (11th Cir. 2005)). "Instead, § 924(c) requires only that the predicate crime be one that *may* be prosecuted." *Id.* at 1302. (citations omitted and emphasis added). "To

5

satisfy that requirement, the government must show that the defendant used or carried a firearm during and in relation to a crime of violence or drug-trafficking crime, and the factual proffer can be a sufficient basis for a district court to determine that a defendant committed the underlying [crime of violence or] drug-trafficking crime." *Id.* (citing *Frye*, 402 F.3d at 1128).

In Movant's case, looking to his Factual Proffer and his statements made under oath at his change of plea hearing, the record establishes that Movant possessed a firearm in furtherance of the attempted Hobbs Act robbery and attempted bank robbery. In Movant's Factual Proffer, he admitted to his participation in the scheme to rob the bank on September 25, 2009, including that he was arrested while on his way to the bank to commit the robbery and that there were multiple firearms in the car with him that he planned on using for the robbery. [CR-ECF No. 106]. At Movant's change of plea hearing, the Government described Movant's participation in the scheme, and Movant agreed with the factual recitation. [CR-ECF No. 177]. In addition to this, Movant's Indictment makes clear that his § 924(c) charge relied upon conspiracy to commit Hobbs Act robbery as well as attempted Hobbs Act robbery and attempted bank robbery. [CR-ECF No. 25].

A federal prisoner cannot prevail on a *Davis* claim "if current binding precedent clearly establishes his predicate offense qualifies as a crime of violence." *Levatte v. United States*, 805 F. App'x 658, 659-60 (11th Cir. 2020 (*per curiam*) (citing *In re Pollard*, 931 F.3d 1318, 1321 (11th Cir. 2019); *St. Hubert*, 909 F.3d at 346). Here, because binding Eleventh Circuit precedent clearly establishes that attempted Hobbs Act robbery still qualifies as a crime of violence after *Davis*, Movant's argument fails, and this claim should be denied.

C.  Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. 11(a), Rules Governing § 2255 Proceedings. "If the court issues

a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." *Id.* "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *Id.* "A timely notice of appeal must be filed even if the district court issues a certificate of appealability." R. 11(b), Rules Governing § 2255 Proceedings.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a District Court rejects a § 2255 movant's constitutional claims on the merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citation and internal quotation marks omitted). Here, the Undersigned denies a Certificate of Appealability. If Movant disagrees, he may so argue in any objections filed with the District Judge.

### III. Recommendations

Based on the above, it is **RECOMMENDED** that the Order Staying Case [ECF No. 20] be **LIFTED**, the Motion to Vacate [ECF No. 1] be **DENIED**, no Certificate of Appealability issue, and this case **CLOSED** by the Clerk of Court.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1 (2016); *see also* 28 U.S.C. § 636(b)(1)(C); *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**SIGNED** this 1st day of February, 2021.

7

                                                  UNITED STATES MAGISTRATE JUDGE

cc:    **All Counsel of Record via CM/ECF**; and

       **Yalanski Dawkins**
       86486-004
       Coleman I-USP
       United States Penitentiary
       Inmate Mail/Parcels
       Post Office Box 1033
       Coleman, FL 33521